861 So.2d 354 (2003)
Demario D. WALKER, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2003-CP-00105-COA.
Court of Appeals of Mississippi.
December 2, 2003.
*355 Demario D. Walker, appellant, pro se.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before McMILLIN, C.J., BRIDGES and THOMAS, JJ.
McMILLIN, C.J., for the Court.
¶ 1. After being indicted on four separate counts of attempting to utter a forgery, Demario Walker pled guilty to one count. The State agreed not to pursue the remaining three counts and a writ of nolle prosequi was entered as to them. The indictment grew out of Walker's unsuccessful efforts to cash several checks drawn on another person's account without that person's knowledge or authority. Walker was sentenced to ten years, but was permitted to attempt to earn his early release by participation in the RID program administered by the Mississippi Department of Corrections. Walker was removed from the RID program prior to completing the requirements but was still granted an early release on probation. That probationary release was later revoked when Walker was found to have violated the terms of his probation.
¶ 2. Walker filed a post-conviction relief motion in the circuit court in which he raised five separate contentions as to why he was entitled to relief. The circuit court denied the motion without a hearing and Walker has now appealed that decision to this Court. We find that Walker has abandoned certain claims raised in his motion before the trial court by failing to raise them as issues in his appeal. We further find that the only issue properly raised in this appeal is without merit. Finally, we observe that Walker attempts to raise certain additional issues for the first time on appeal and, in keeping with established case law, we decline to consider them.

I.

Improprieties in the Indictment
¶ 3. Walker contended before the circuit court that his sentence exceeded the statutory maximum. The contention was based on the following facts. Count I of the indictment contained a plain and concise statement of the underlying facts constituting the alleged crime and then concluded with the words "in violation of Sections 97-21-53 and 97-1-7 of the Mississippi Code of 1972...." There is no question that the reference to Section 97-21-53 is in error. That code section primarily deals with forging or counterfeiting registered trademarks and related business proprietary materials and carries a maximum penalty of a five hundred dollar fine and imprisonment of not more than one year. Miss.Code Ann. § 97-21-53 (Rev.2000). In actuality, the offense defined in the narrative charging portion of Count I of the indictment is found at Section 97-21-59, which renders illegal the act of uttering "as true, and with intent to defraud, any forged, altered, or counterfeit instrument...." Miss.Code Ann. § 97-21-59 (Rev.2000). The court found the error in the statutory reference to be one that was waived by Walker by entering his guilty plea.
¶ 4. Now, on appeal, Walker makes two assertions based on this same error in the indictment. He renews his claim that the sentence exceeded that permitted under Section 97-21-53. He also claims that the court lacked jurisdiction because Section 97-21-53 is a misdemeanor and the circuit court lacks jurisdiction to punish misdemeanor offenses.
¶ 5. We agree with the circuit court that this error is a non-jurisdictional defect in the indictment that was waived by the *356 entry of Walker's plea of guilty. E.g., Gibson v. State, 818 So.2d 372(¶ 5) (Miss. Ct.App.2002). We have reviewed the transcript of the plea acceptance hearing and are satisfied that the essential elements of the actual crime charged in Count I were gone over in some detail and the court obtained assurance from Walker that he both knew the nature of the charge and freely admitted that he committed the acts that constituted the crime. Walker acknowledged his understanding of the sentencing range available to the court that was explained to him based on the harsher punishment for a violation of Section 97-21-59 rather than the misdemeanor provisions of Section 97-21-53.
¶ 6. There is, in the first place, no requirement that the indictment cite to a particular section of the Code so long as the charging portion contains "a plain, concise and definite written statement of the essential facts constituting the offense charged...." URCCC 7.06; Ishee v. State, 799 So.2d 70(¶ 17) (Miss.2001). Walker was fully informed as to the maximum available sentence for the crime charged and there is no evidence that the incorrect reference to Section 97-21-53 misled or prejudiced Walker in any way during the plea acceptance proceeding or at any time leading up to that proceeding.
¶ 7. Walker's remaining issues presented on appeal are contained in a single paragraph consisting of a recitation of various grievances regarding the conduct of the criminal proceeding brought against him and the lack of effectiveness of his attorney. None of these issues were raised before the trial court in Walker's motion filed to commence this proceeding. Subject to certain exceptions related primarily to jurisdictional issues, alleged errors committed at the trial court cannot be raised for the first time on appeal. Copeland v. State, 423 So.2d 1333, 1335 (Miss. 1982). We have reviewed Walker's various contentions and conclude that none of them fall within any recognized exception to the general rule. We additionally note that none of the assertions are accompanied by legal argument or citation to authority demonstrating the merit of the contention. The failure to support a bare contention of error with appropriate citations to authority or persuasive logical argument is, of itself, grounds to deny relief. Peterson v. State, 671 So.2d 647, 659 (Miss. 1996). For the foregoing reasons, either of which is sufficient in itself, we decline to consider the various matters raised in Walker's brief before this Court.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF MARION COUNTY DENYING POST CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO MARION COUNTY.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.