910 So.2d 584 (2005)
DeMario WALKER, Appellant
v.
STATE of Mississippi, Appellee.
No. 2003-CP-02368-COA.
Court of Appeals of Mississippi.
February 22, 2005.
Demario Walker, appellant, pro se.
*585 Office of the Attorney General by W. Daniel Hinchcliff, attorney for appellee.
Before LEE, P.J., IRVING and GRIFFIS, JJ.
IRVING, J., for the Court.
¶ 1. DeMario Walker was indicted by a Marion County grand jury on four counts of attempting to utter forgery. He pleaded guilty to one of the four counts, and the prosecutor nol-prossed the three remaining counts. Walker was sentenced to ten years in the custody of the Mississippi Department of Corrections (MDOC), to be served under the provisions of Mississippi Code Annotated section 47-7-47 (Rev. 2004). The sentence required Walker to participate in the department's Regimented Inmate Discipline Program (RID). Walker was later released and placed on probation, but his probation was subsequently revoked when the trial court found that Walker had violated certain terms and conditions of his probation.
¶ 2. Following the revocation of his probation, Walker filed a petition for post-conviction relief which was summarily dismissed by the trial court. Aggrieved, Walker appeals and presents the following issues for review: (1) the trial court denied him due process of law by revoking his probation and not providing him with counsel, and (2) the trial court's sentencing him to a restitution center was cruel and unusual punishment.
¶ 3. Finding no reversible error, we affirm the trial judge's dismissal of Walker's petition for post-conviction relief.

FACTS
¶ 4. Walker was sentenced initially to ten years in the custody of the Mississippi Department of Corrections with the proviso that he participate in the RID program. The MDOC placed Walker in the RID program as ordered by the trial judge. However, Walker was unable to complete the program because of medical reasons and was removed from it. The trial judge was notified. Upon learning of this occurrence, the trial judge advised MDOC that Walker "was to serve only the amount of time [that] he would have served in the RID and then come back before the court as if he had successfully completed the program." Thereafter, Walker was released from the MDOC after serving 180 days. Following Walker's release from the MDOC, the trial court amended Walker's order of conviction, suspended the remainder of the ten-year sentence and placed Walker on probation for five years pursuant to a set of specific conditions, two of which were to complete a program at either the Hinds County or Pascagoula restitution center and reimburse the Marion County Public Defender's Fund $1,000. Walker gave his written acceptance of the probation in accordance with the terms and conditions specified in the amended order of conviction.
¶ 5. In February 2003, the trial court commenced probation revocation proceedings against Walker. Walker was present and testified on his own behalf, and Robert Hughes, director of the Hinds County Restitution Center, also provided testimony as the sole adverse witness. Hughes testified that Walker failed to successfully complete the program at the restitution center. While Walker was at the restitution center, he was employed at McDonald's for approximately a week and a half but soon quit his job. Hughes further testified that Walker informed the restaurant's manager that a doctor had told Walker that Walker could not work under stress. Hughes stated that Walker's actions were in violation of the restitution center's policy and also in violation of the judge's order. Hughes also testified that Walker was also in violation *586 of his probation by failing to pay certain fines ordered by the court and required by the restitution center.
¶ 6. At the conclusion of the hearing, the trial judge revoked Walker's probation and ordered him to serve the balance of his sentence in the custody of the Mississippi Department of Corrections. As already mentioned, Walker filed a motion for post-conviction relief which was summarily dismissed. The PCR motion underlying this appeal is Walker's second PCR motion emanating from his conviction of attempting to utter a forgery. His first motion was also summarily denied, and an appeal was taken. In a decision by former Chief Judge McMillin, this Court affirmed the judgment of the trial court. Walker v. State, 861 So.2d 354 (Miss.Ct.App.2003).

ANALYSIS AND DISCUSSION OF THE ISSUES

Standard of Review
¶ 7. "When reviewing a lower court's decision to deny a petition for post conviction relief [,] this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous." Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999) (citing Bank of Mississippi v. Southern Mem'l Park, Inc., 677 So.2d 186, 191 (Miss.1996)).
¶ 8. As we have stated earlier in this opinion, the trial judge summarily dismissed Walker's PCR motion. The judge found that all of Walker's issues except one, the issue of the lawfulness of the revocation of Walker's probation, were "frivolous, and generally [made] no sense, or at the very least were taken up in [Walker's] first motion for post conviction collateral relief." Consequently, the trial judge found that Walker was procedurally barred from filing a second motion. Nevertheless, the trial judge considered the revocation issue and found it to be lacking in merit.
¶ 9. Mississippi Uniform Post-Conviction Collateral Relief Act sets forth several claims which may be pursued via a motion for post-conviction relief. Included among the claims are the claim that a prisoner's conviction or sentence was imposed in violation of the Constitution of the United States or the constitution or laws of Mississippi and the claim that a prisoner's probation or parole has been unlawfully revoked. Miss.Code Ann. § 99-39-5(a)(g) (Supp.2004). The claims asserted by Walker in this appeal fall within the provisions of subsections (a) and (g) and should have been presented in his first PCR motion. When he filed his first PCR motion, his probation had already been revoked.
¶ 10. Mississippi Code Annotated section 99-39-23 (Supp.2004) bars successive motions for post-conviction relief. Although exceptions to the bar exist, Walker has failed to plead any facts which would make any of the exceptions applicable to the issues raised in this appeal. Therefore, he is procedurally barred from raising these issues in this appeal, and we will not consider any of them, notwithstanding the trial judge's decision to consider one of them.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF MARION COUNTY DISMISSING PETITIONER'S MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MARION COUNTY.
KING, C.J., BRIDGES AND LEE, P. JJ., MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.