933 So.2d 329 (2006)
David W. BURNS a/k/a David Wendell Burns, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-CP-01656-COA.
Court of Appeals of Mississippi.
June 27, 2006.
*330 David W. Burns, Appellant, pro se.
Office of the Attorney General by Jeffrey A. Klingfuss, attorney for appellee.
Before LEE, P.J., SOUTHWICK and ISHEE, JJ.
SOUTHWICK, J., for the Court.
¶ 1. David Burns sought to have clarification of two sentences that he had received, one when his post-release supervision for a prior felony offense was revoked and the other when he pled guilty to a new felony. The trial court treated his motion as a petition for post-conviction relief and dismissed it without a hearing. We affirm.

FACTS
¶ 2. Burns was indicted by a Pearl River County grand jury for the felony of a third offense of driving under the influence. Miss.Code Ann. § 63-11-30(2) (Rev.2004). In March 2002, he pled guilty and received a five-year sentence. He was required to serve one year in the Intensive Supervision Program, colloquially called "house arrest," with the remaining four years suspended with post-release supervision. After completing the house arrest portion of his sentence and while on post-release supervision, Burns was arrested for a new DUI offense in July 2003.
¶ 3. Burns, at a hearing in August 2003, had his post-release supervision on the third DUI revoked. He was placed into house arrest for two more years, to be followed by two years on post-release supervision. On the same day Burns also pled guilty to the new charge, which we will sometimes refer to as the "fourth DUI" to distinguish it from the third DUI on which the revocation occurred. After Burns pled guilty, he was sentenced to five years, with one year to be served on house arrest. The remainder of the sentence was described in the court's order this way:
if and when defendant successfully completes the Intensive Supervision House Arrest Program that the remaining FOUR (4) years be SUSPENDED, pending successful completion of a FOUR (4) year period of post-release supervision, pursuant to Mississippi Code 47-7-34.
The sentencing order on the guilty plea stated that the second sentence would be served consecutively to the sentence imposed on the earlier revocation.
¶ 4. Just short of two years later, Burns filed a "Motion to Clarify and Show Cause" with the court. The sentencing judge considered this to be a motion for post-conviction relief. No hearing was given. Relief was denied by an order of August 11, 2005. The order included some statements about the second sentence that we will discuss in our analysis.
¶ 5. On appeal, Burns argues that his motion was not a request for post-conviction relief, that the sentence exceeded the statutory maximum, and that his due process rights have been violated.

DISCUSSION
¶ 6. Generally, a prisoner may seek post-conviction relief only as to the crime on which he is then in custody. Miss.Code Ann. § 99-39-5(1) (Supp.2005). Moreover, a motion is limited to claims against only one judgment. Miss.Code Ann. § 99-39-9 (Supp.2005). Burns is seeking a clarification as to two sentences, which arise from two separate judgments of conviction. Burns's second sentence is to follow his *331 first; he is not presently in custody under both convictions.
¶ 7. Burns does not address these procedural questions except indirectly, in that he argues that he should not be forced into the post-conviction relief statutory scheme at all. All he allegedly wants is clarity as to the meaning of his sentence.
¶ 8. Errors and related problems regarding sentences are proper for post-conviction relief motions. Grounds for relief include the following:
(a) that the conviction or the sentence was imposed in violation of the Constitution of the United States or the Constitution or laws of Mississippi;
. . .
(d) that the sentence exceeds the maximum authorized by law
. . .
(g) That the sentence has expired; his probation, parole or conditional release unlawfully revoked; or he is otherwise unlawfully held in custody.
Miss.Code Ann. § 99-39-5(1) (Supp.2005). An argument that the sentence violates law, either because it is clearly erroneous or because it is unredeemably ambiguous or incomplete, would be proper under the post-conviction relief procedures.
¶ 9. On the other hand, if the operation of the sentence is confusing to the petitioner, that is not necessarily due to any violation of law. Clarity is after all in the eye of the beholder. The inmate may simply not have sufficient knowledge to make clear to him what is legally clear. For many such questions regarding confusion about the operation of the state's system of incarceration, the proper procedure is for a prisoner to seek relief through the administrative processes of the Department of Corrections. Miss.Code Ann. §§ 47-5-801 through 47-5-807 (Rev.2004). Certain matters of inmate sentencing, including removal from house arrest which is an inmate classification issue, are properly reviewed by agency procedures first, rather than by post-conviction relief motion. Lewis v. State, 761 So.2d 922, 923 (Miss.Ct. App.2000). We conclude that an inmate who is uncertain about the operation of his sentence and desires clarity should pursue the administrative review procedures before turning to court.
¶ 10. It was proper to convert Burns's pleading into a motion for post-conviction relief to the extent he is claiming illegality in his sentence. It might also be proper to consider relief on the sentence that immediately follows the one he is now serving. The certainty of the future sentence is akin to the situation in which an inmate incarcerated in a different jurisdiction is allowed to challenge a Mississippi sentence that will begin as soon as release from the antecedent incarceration occurs. Unruh v. Puckett, 716 So.2d 636, 639 (Miss.1998). Even if Burns may challenge both sentences arising from two different convictions, he would need to file two motions for post-conviction relief. Miss.Code Ann. § 99-39-9(2) (Supp.2005). Nonetheless, as we next discuss, the possible error in the second sentence was corrected below. The two-motion issue is moot.
¶ 11. As we have quoted, Burns's sentence on the fourth DUI provided that "if and when defendant successfully completes the Intensive Supervision House Arrest Program that the remaining FOUR (4) years be SUSPENDED." That language is questionable but surplusage. The legislature created the house arrest program in 1993 but in 2000 added language at the end of the statute to make it clear that this was a Department of Corrections-administered program and not something for trial judges to manage or make a condition of probation: "courts may not require *332 an offender to complete the intensive supervision program as a condition of probation or post-release supervision." Miss. Code Ann. § 47-5-1003 (Rev.2004), adopted 1993 Miss. Laws ch. 576; amended 2000 Miss. Laws ch. 622, § 1. In ruling on Burns's motion for clarification in 2005, the sentencing judge stated that the sentence given Burns on the fourth DUI "does not require the Petitioner to complete the intensive supervision house arrest program as a condition of probation or post-release supervision." Thus, whatever the sentencing language most reasonably could be seen as meaning, the sentencing judge disclaimed that it was a condition. Section 47-5-1003 prevents successful completion of house arrest from being made a condition of post-release supervision. If the 2005 sentence did state such a condition, the condition was ineffective. Since the trial judge now says on post-conviction relief that there was no such condition, there is also no continuing issue.
¶ 12. When Burns seeks clarification of the operation of the two consecutive sentences, he has moved beyond challenging a possibly erroneous sentence and has raised a matter of ambiguity that is for the Department's administrative remedy program to answer. The sentence on the third DUI after revocation in 2003 was two years of house arrest and two years of post-release supervision. The sentence on the fourth DUI will be served consecutively to that on the third. That fourth DUI sentence is one year of house arrest followed by four years of post-release supervision. The trial judge asked Burns at the 2003 hearing after the plea of guilty whether Burns understood that this amounted to three years of house arrest. Burns did. The sentencing order itself on the fourth DUI states that the sentence "was set to run consecutive" to the sentence on the third DUI.
¶ 13. This would appear literally to be sentences that amount to two years of house arrest, followed by two years of post-release supervision, followed by one year of house arrest, followed by four years of post-release supervision. Whether the actual service of these sentences would be in that manner is for the Department of Corrections in the first instance to address. Any joinder of the two separate pieces of house arrest, to be followed by a joinder of the two separate pieces of post-release supervision, would amount to a blended but perhaps logical pair of sentences. Whenever there are consecutive sentences that both provide for incarceration but in which the first has any suspension and probation or post-release supervision, this practical issue arises. The Department can provide the clarity on the matter if Burns wishes to pursue administrative remedies on what he believes is ambiguity. Judicial review after that time is available if Burns properly invokes it.
¶ 14. Besides ambiguity, Burns alleges that since the two sentences run together he has received a sentence longer than the statutory maximum for felony DUI, which is five years. Miss.Code Ann. § 63-11-30(2)(c) (Rev.2004). Burns misunderstands or misrepresents "consecutive" sentencing. He received two separate sentences for two separate offenses. That one follows immediately after the other is one of the costs of committing more than one felony DUI offense, but the statutory maximum was not exceeded on either separate offense.
¶ 15. Finally, Burns wants more detail about the conditions of house arrest. As noted, house arrest is a program administered by the Department of Corrections. House arrest is an "alternative form of confinement." Moore v. State, 830 So.2d 1274, 1276 (Miss.Ct.App.2002). Burns is *333 effectively in the custody of the Department of Corrections. The terms of his confinement are set by the Department's statutes and regulations. No details from the circuit court were appropriate.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF PEARL RIVER COUNTY DISMISSING THE PETITION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PEARL RIVER COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.