MAXWELL, J.,
 

 for the Court:
 

 ¶ 1. Demario Walker submitted three pro se filings in the Circuit Court of Marion County, which were labeled “Motion for Post-Conviction Collateral Relief,”
 
 *557
 
 “Petition for an Order to Show Cause,” and “Petition to Clarify Sentence.” The circuit court treated the latter two filings as requests for post-conviction relief (PCR), and dismissed them under Mississippi Code Annotated section 99-39-23(6) (Supp.2009) as proeedurally-barred successive writs. On appeal, Walker argues the circuit court erred in treating these filings as PCR motions.
 

 ¶ 2. The circuit court also dismissed the filing Walker labeled a PCR motion. Walker argues the circuit court should have granted this motion because his parole was unlawfully revoked and because Mississippi Code Annotated section 47-7-27 (Rev.2004) (which contains the applicable procedure for parole revocation) is unconstitutional.
 
 [1]
 

 ¶ 3. Finding no error, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 4. A Marion County grand jury charged Walker with four counts of attempting to utter a forgery. He pled guilty to one count, and the State agreed not to pursue the remaining three. On June 7, 2002, the circuit court entered an order of conviction on Walker’s guilty plea, and sentenced Walker to ten years in the custody of the Mississippi Department of Corrections (MDOC).
 

 ¶ 5. Soon thereafter, Walker was granted an early release on probation, and his remaining sentence was suspended. However, less than one month later, the circuit court found Walker had violated the terms of his probation and revoked Walker’s probationary release.
 

 ¶ 6. Walker then filed two PCR motions, which were both appealed to this Court. In the first motion, Walker raised multiple issues, most of which were procedurally barred, and we affirmed the circuit court’s denial of his PCR motion.
 
 See Walker v. State,
 
 861 So.2d 354, 355-56 (¶¶ 2, 8) (Miss.Ct.App.2003). In his second motion, Walker argued: “(1) the trial court denied him due process of law by revoking his probation and not providing him with counsel, and (2) [his sentence] to a restitution center was cruel and unusual punishment.”
 
 Walker v. State,
 
 910 So.2d 584, 585 (¶ 2) (Miss.Ct.App.2005). We affirmed the dismissal of this PCR motion as well.
 
 Id.
 
 at 586 (¶ 11).
 

 ¶ 7. Walker later became eligible for parole and was released in early 2006. Less than six months later, his parole was revoked. But he was again released on parole in September 2007. Less than a month later, Walker pled guilty to two felony counts of uttering bad checks in violation of Mississippi Code Annotated section 97-19-55 (Rev.2006). The Mississippi Parole Board subsequently revoked Walker’s parole on the attempting-to-utter-forgery crime based upon his recent guilty pleas to the two felony-bad-check counts.
 

 ¶ 8. On August 1, 2008, Walker made the three filings giving rise to this appeal, all of which the circuit court dismissed.
 

 STANDARD OF REVIEW
 

 ¶ 9. “This Court reviews the dismissal of a post-conviction relief motion for an abuse of discretion.”
 
 Felton v. State,
 
 18 So.3d 328, 329 (¶4) (Miss.Ct.App.2009) (citation omitted). The trial court may summarily dismiss a PCR motion where “it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief[.]” Miss.Code Ann. § 99-39-
 
 *558
 
 11(2) (Supp.2009);
 
 See also State v. Santiago,
 
 773 So.2d 921, 923-24 (¶11) (Miss.2000). “On appeal, this Court will affirm the summary dismissal of a PCR petition if the petitioner has failed to demonstrate a claim procedurally alive substantially showing the denial of a state or federal right.”
 
 Robinson v. State,
 
 19 So.3d 140, 142 (¶ 6) (Miss.Ct.App.2009). We review questions of law de novo.
 
 Felton,
 
 18 So.3d at 329 (¶ 4).
 

 DISCUSSION
 

 ¶ 10. Walker argues the circuit court erred in addressing his petitions to show cause and clarify his sentence under the Mississippi Uniform Post-Conviction Collateral Relief Act (UPCCRA). He also claims the circuit court erred in dismissing a third filing, which he admits was a PCR motion. The State responds that the circuit court appropriately dismissed all three filings. The State also requests this Court decide whether Walker’s “repetitive, frivolous filings” warrant imposing sanctions.
 

 I. Petitions to Show Cause and Clarify Sentence
 

 ¶11. The UPCCRA contains various grounds for relief that are properly sought in a PCR motion. These grounds include claims that the inmate’s “sentence has expired; his probation, parole or conditional release [was] unlawfully revoked; or he is otherwise unlawfully held in eustody[.]” Miss.Code Ann. § 99-39 — 5(l)(h) (Supp.2009). However, as our statutes and ease law make clear, a PCR motion is not a proper vehicle for all inmate grievances. Mississippi Code Annotated section 47-5-803(2) (Rev.2004) provides that “[n]o state court shall entertain an offender’s grievance or complaint which falls under the purview of the administrative[-]review procedure unless and until such offender shall have exhausted the remedies as provided in such procedure.”
 

 ¶ 12. In
 
 Bums,
 
 we had occasion to consider an MDOC prisoner’s complaints that were similar to those presently before us. In that case, David Burns filed a pro se motion to clarify and show cause.
 
 Burns v. State,
 
 933 So.2d 329, 330 (¶4) (Miss.Ct.App.2006). The circuit court considered the motion as a filing under the UPCCRA and denied relief.
 
 Id.
 
 Burns argued that he simply wanted clarity about the meaning of his sentence.
 
 Id.
 
 at 331 (¶ 7). He therefore argued his filing was not a PCR motion.
 
 Id.
 
 This Court concluded that Burns did not pursue the correct avenue for the relief he sought. The
 
 Bums
 
 Court reasoned:
 

 An argument that the sentence violates law, either because it is clearly erroneous or because it is unredeemably ambiguous or incomplete, would be proper under the post-conviction relief procedures.
 

 On the other hand, if the operation of the sentence is confusing to the petitioner, that is not necessarily due to any violation of law. Clarity is after all in the eye of the beholder. The inmate may simply not have sufficient knowledge to make clear to him what is legally clear. For many such questions regarding confusion about the operation of the state’s system of incarceration, the proper procedure is for a prisoner to seek relief through the administrative processes of the Department of Corrections. Miss.Code Ann. §§ 47-5-801 through 47-5-807 (Rev.2004).... We conclude that an inmate who is uncertain about the operation of his sentence and desires clarity should pursue the administrative-review procedures before turning to court.
 

 Id.
 
 at 331 (¶¶ 8-9). Here, Walker’s complaints are nearly identical to those in
 
 *559
 

 Bums.
 
 We find his petitions to clarify and show cause should be handled initially under administrative-review procedures rather than in the courts.
 
 See
 
 Miss.Code Ann. § 47-5-803. Since there is no indication in the record that Walker exhausted his administrative remedies on these claims, we are without jurisdiction to consider them. Miss.Code Ann. § 47-5-803(2);
 
 Adams v. Epps,
 
 900 So.2d 1210, 1213 (¶ 12) (Miss.Ct.App.2005). Notwithstanding our lack of jurisdiction, we point out that the record reflects Walker has been advised on multiple occasions that he must serve the remaining balance of his sentence for attempting to utter a forgery.
 

 ¶ 13. To the extent Walker is claiming any illegality regarding his sentence within the meaning of section 99-39-5 — which he does not appear to do and in fact argues adamantly that he is not — -his petitions would have been properly dismissed as proeedurally barred.
 
 [2]
 
 This issue is without merit.
 

 II. Motion for Post-Conviction Relief
 

 ¶ 14. We turn now to the third filing made by Walker — the one he labeled a PCR motion. The circuit court dismissed the filing pursuant to Mississippi Code Annotated section 99-39-11(2). On appeal, Walker argues his parole was unlawfully revoked because he was not given notice and a fair opportunity to present evidence at his parole-revocation hearing. He also argues section 47-7-27 is unconstitutional.
 

 A. Notice and Fair Opportunity to Respond
 

 ¶ 15. Before reaching the merits of this issue, we note that this issue is not proeedurally barred. Because Walker presents an argument that his parole was unlawfully revoked, his PCR motion fits within an exception to both the general prohibition against successive writs and the three-year statute of limitations.
 
 See
 
 Miss.Code Ann. § 99-39-23(6) (successive-writ exception); Miss.Code Ann. § 99-39-5(2)(b) (time-bar exception).
 

 ¶ 16. The United States Supreme Court in
 
 Morrissey v. Brewer,
 
 408 U.S. 471, 480, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), addressed the minimum due-process rights states must afford parolees. The Supreme Court explained:
 

 Revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations. Parole arises after the end of the criminal prosecution, including imposition of sentence. Supervision is not directly by the court but by an administrative agency, which is sometimes an arm of the court and sometimes of the executive. Revocation deprives an individual, not of the absolute liberty to which every citizen is entitled, but only of the conditional liberty properly dependent on observance of special parole restrictions.
 

 (Internal citation omitted). Mississippi Code Annotated section 47-7-27 has been specifically held to include the minimum due-process requirements set forth in
 
 Morrissey. Godsey v. Houston,
 
 584 So.2d 389, 392 (Miss.1991) (citing section 47-7-27);
 
 see also Bobkoskie v. State,
 
 495 So.2d 497, 500 (Miss.1986). Section 47-7-27 states in pertinent part: “An offender convicted of a felony while on parole, whether in the State of Mississippi or another state, shall immediately have his parole revoked
 
 *560
 
 upon presentment of a certified copy of the commitment order to the board.”
 

 ¶ 17. Here, the record shows the Mississippi Parole Board received a certified copy of Walker’s commitment order showing Walker pled guilty to two felony counts of uttering bad checks. Thus, upon receiving the certified copy of this order, the parole board had authority pursuant to section 47-7-27 to immediately revoke Walker’s parole on his earlier conviction of attempting to utter a forgery. Miss.Code Ann. § 47-7-27. Furthermore, we note the record shows a preliminary revocation hearing and a parole-revocation hearing were held. The parole board then sent Walker a letter, which provided notice of its decision to revoke his parole and afforded an opportunity to present evidence on his behalf. Though Walker may have indeed responded,
 
 [3]
 
 his response contains no specific facts and presents no arguable reason for not revoking his parole.
 

 ¶ 18. For these reasons, we find that Walker’s due-process rights were not violated.
 
 See Godsey,
 
 584 So.2d at 392;
 
 Bobkoskie,
 
 495 So.2d at 500. This issue is without merit.
 

 B. Constitutionality of Section 17-7-27
 

 ¶ 19. Walker cites no authority that supports his claim that section 47-7-27 is unconstitutional, and we are aware of none. The constitutionality of section 47-7-27 has been upheld on many occasions by our supreme court.
 
 See, e.g., Godsey,
 
 584 So.2d at 392 (interpreting section 47-7-27 to embody minimum due-process requirements). This issue is without merit.
 

 III. Sanctions
 

 ¶ 20. As noted by the circuit judge, Walker had previously filed numerous motions in the circuit court, all of which have been found meritless. The judge observed that Walker’s repetitive filings have caused “waste of [the circuit court’s] personnel, materials, and time.” The same could probably be said of this Court, although it is apparent that the circuit court has been affected to a much greater extent. The State requests that we sanction Walker for his repetitive, frivolous filings.
 

 ¶ 21. This Court is vested, as are the trial courts, with authority to impose sanctions on pro se litigants for frivolous filings.
 
 McLamb v. State,
 
 974 So.2d 935, 939 (¶ 17) (Miss.Ct.App.2008) (citing Miss. Code Ann. § 47-5-138(3) (Supp.2007)). One potential sanction is that an inmate’s accrued earned time may be forfeited.
 
 Id.
 
 Other sanctions include “monetary sanctions as well as appropriate restrictions on future filings,” so long as these restrictions are “appropriately tailored to redress the transgression found and to assure that valid claims will not be prohibited.”
 
 Ivy v. State,
 
 688 So.2d 223, 224 (Miss.1997) (imposing a $250 fine on pro se petitioner for frivolous filing). We do not find imposing sanctions to be appropriate at this time, but Walker should be aware of these various measures available to the Court.
 

 ¶ 22. THE JUDGMENTS OF THE CIRCUIT COURT OF MARION COUNTY DISMISSING THE MOTIONS FOR POST-CONVICTION RELIEF ARE AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MARION COUNTY.
 

 LEE AND MYERS, P.JJ., GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ„ CONCUR. KING, C.J., AND IRVING, J„ CONCUR IN RESULT ONLY.
 

 [1]
 

 . By order dated December 11, 2009, cause numbers 2008-CP-01988-COA and 2008-CP-01987-COA were consolidated by this Court on its own motion.
 
 See
 
 M.R.A.P. 3(b).
 

 [2]
 

 . More specifically, Walker’s motions would have been proeedurally barred for being successive writs and for being time-barred.
 
 See
 
 Miss.Code Ann. § 99-39-23(6); Miss.Code Ann. § 99-39-5(2) (Supp.2009).
 

 [3]
 

 . Walker’s supplemental record excerpts indicate that he responded to the parole board's letter, but Walker's response appears nowhere in the official record.