*659
 
 GRIFFIS, J.,
 

 for the Court:
 

 ¶ 1. Demario Walker filed a “Petition to Clarify Sentence” in the Circuit Court of Wilkinson County. The circuit court treated it as a petition for post-conviction collateral relief and denied relief. We find no error and affirm.
 

 FACTS
 

 ¶ 2. On June 10, 2008, Walker pleaded guilty to aiding the escape of a felon under Mississippi Code Annotated section 97-9-29 (Rev.2006). Walker was sentenced to serve five years in the custody of the Mississippi Department of Corrections, to run consecutively to eight years remaining from a prior conviction. On August 4, 2008, Walker filed a petition for post-conviction collateral relief. It was denied by the circuit court. Walker appealed, but the appeal was dismissed by this Court as untimely filed.
 

 ¶ 3. On January 27, 2009, the circuit court denied Walker’s “Petition to Clarify Sentence.” The petition is not part of the record before this Court. Walker now appeals the circuit court’s judgment that denied the petition.
 

 STANDARD OF REVIEW
 

 ¶ 4. A circuit court’s denial of post-conviction collateral relief will not be reversed absent a finding that the trial court’s decision was clearly erroneous.
 
 Smith v. State,
 
 806 So.2d 1148, 1150 (¶ 3) (Miss.Ct.App.2002). However, when reviewing issues of law, this Court’s proper standard of review is de novo.
 
 Brown v. State,
 
 731 So.2d 595, 598 (¶ 6) (Miss.1999).
 

 ANALYSIS
 

 ¶ 5. Because the “Petition to Clarify Sentence” is not in the record, we do not know what arguments it contained. The only indication we have is the circuit court’s order denying relief, which states that Walker claimed his sentence was “ambiguous.”
 

 ¶ 6. “It is the responsibility of the appellant to designate the record pursuant to Rule 10(b) of the Mississippi Rules of Appellate Procedure in a manner sufficient to allow this Court to review the appellant’s issues.”
 
 Austin v. State,
 
 971 So.2d 1286, 1287 n. 1 (Miss.Ct.App.2008). Following the circuit court’s denial of his “Petition to Clarify Sentence,” it appears that Walker filed a notice of appeal but failed to designate the record, as was his responsibility under the rules. Walker clearly understood the rules. He is a veteran at post-conviction collateral relief litigation.
 
 See Walker v. State,
 
 35 So.3d 555 (Miss.Ct.App.2010);
 
 Walker v. State,
 
 910 So.2d 584 (Miss.Ct.App.2005);
 
 Walker v. State,
 
 861 So.2d 354 (Miss.Ct.App.2003).
 

 ¶ 7. Walker’s brief before this Court makes no arguments whatsoever about his sentence. Instead, he argues that his trial counsel was ineffective, that his guilty plea was involuntary, that cumulative errors require reversal, and that he is actually innocent. We strongly suspect these are issues that were not raised in his “Petition to Clarify Sentence.” As this Court has explained:
 

 It is well settled that issues not raised below may not be raised on appeal. “Questions will not be decided on appeal which were not presented to the trial court and that court given an opportunity to rule on them. In other words, the trial court cannot be put in error, unless it has had an opportunity of committing error.”
 
 Stringer v. State,
 
 279 So.2d 156, 158 (Miss.1973);
 
 Jones v. State,
 
 915 So.2d 511, 513 (¶ 7) (Miss.Ct.App.2005).
 

 Austin,
 
 971 So.2d at 1288 (¶ 8).
 

 ¶ 8. Even if these arguments had been made in his petition, they would be proce
 
 *660
 
 durally barred. Walker’s first petition for post-conviction collateral relief — the first to attack his conviction for aiding the escape of a felon — was denied by the circuit court, and he failed to timely pursue an appeal. He is now barred from bringing any further petitions for post-conviction collateral relief unless he can show that an exception applies. Miss. Code Ann. § 99-39-23(6) (Supp.2009). Furthermore, he cannot escape the procedural bars by merely styling his petition as one to “clarify sentence.”
 
 Johnson v. State,
 
 31 So.3d 647, 649 (¶ 7) (Miss.Ct.App.2010).
 

 ¶ 9. Accordingly, we find no merit to Walker’s appeal.
 

 ¶10. THE JUDGMENT OF THE CIRCUIT COURT OF WILKINSON COUNTY DENYING THE PETITION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WILKINSON COUNTY.
 

 KING, C.J., LEE, P.J., IRVING, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR. MYERS, P.J., NOT PARTICIPATING.