## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

### NO. 2019-CP-00628-COA

**CHARLES WAYNE THARPE A/K/A CHARLES WAYNE THORPE A/K/A CHARLES THARPE**                    APPELLANT

**v.**

**STATE OF MISSISSIPPI**                                                          APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 03/07/2019 |
| TRIAL JUDGE: | HON. LISA P. DODSON |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | CHARLES WAYNE THARPE (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BARBARA WAKELAND BYRD |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 09/22/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**WILSON, P.J., FOR THE COURT:**

¶1.     In 2017, Charles Tharpe was indicted for armed robbery in cause number B2402-2017-227.  Two months later, in cause number B2402-2017-339, Tharpe was indicted as a habitual offender for two counts of unlawful possession of a firearm by a felon (Counts I and V) and three counts of burglary of a dwelling (Counts II, III, and IV).  Tharpe subsequently filed a petition to plead guilty to all counts.  The State made no sentencing recommendation but withdrew the habitual offender portion of the indictment.

¶2.     At Tharpe's plea hearing, the circuit judge thoroughly explained the sentencing

process, the rights Tharpe would waive by pleading guilty, and the minimum and maximum punishments for each crime. The judge also explained that she could order any or all of Tharpe's sentences to run concurrently or consecutively. Tharpe stated that he understood, and the judge accepted Tharpe's pleas on each count.

¶3. The judge subsequently entered an order sentencing Tharpe to serve

- Twenty-Nine (29) Years in Cause No. B2402-2017-227,

- Ten (10) Years in Count I of B2402-2017-339 to run concurrently with Cause No. B2402-2017-227,

- Twenty (20) Years in Count II of B2402-2017-339 to run consecutively with Cause No. B2402-2017-227,

- Twenty (20) Years in Count III of B2402-2017-339 to run concurrently with Count II but consecutive to Cause No. B2402-2017-227,

- Twenty (20) Years in Count IV to run concurrently with Count II and Count III, but consecutively with Cause No. B2402-2017-227,

- and Ten (10) Years in Count V to run concurrently with Count I and Cause No. B2402-2017-227,

- for a total of Forty-Nine (49) Years with Twenty (20) Years of this Forty-Nine (49) Year sentence as the period of incarceration and the remaining Twenty-Nine (29) Years of this Forty-Nine (49) Year sentence suspended . . . .[1]

¶4. Eleven months later, Tharpe filed a petition to clarify his sentence. He alleged that his sentence was "ambiguous" and that as a result, MDOC could not identify "the primary charge" and could not calculate his time correctly.

¶5. The circuit judge denied Tharpe's petition in an order that once again thoroughly

---

[1] We quote the language of the sentencing order verbatim. Bullet points are inserted for clarity.

explained Tharpe's sentences. In particular, the judge explained that Tharpe's sentence for armed robbery in cause number B2402-2017-227 was to be served first, and the two sentences for felon-in-possession were being served concurrently to each other and to the armed robbery sentence. She also explained that Tharpe was not currently serving his sentences for the three burglary charges because they were to be served consecutively to the armed robbery and felon-in-possession charges. She wrote:

> As simply as possible, this means that the twenty-nine (29) years which was suspended is the last twenty-nine (29) years of the total forty-nine (49) year sentence. Stated another way, the last nine (9) years of the Armed Robbery sentence is suspended and the entire twenty (20) years of the three (3) concurrent Burglary of a Dwelling sentences is suspended, making twenty-nine (29) total years suspended. None of the two (2) Unlawful Possession of a Firearm sentences is suspended as those will be served while serving the incarcerated portion (twenty (20) years) of the Armed Robbery sentence.

¶6. On appeal, Tharpe argues that his sentence is unlawfully ambiguous and that the circuit judge illegally modified his sentence—and violated the Ex Post Facto Clause—when she denied his petition to clarify. He also claims that his sentence for armed robbery is illegally lenient because he is not eligible for a suspended sentence.

¶7. Tharpe's claims are without merit. His sentence was not and is not unlawfully ambiguous. *See Burns v. State*, 933 So. 2d 329, 331 (¶9) (Miss. Ct. App. 2006) ("[I]f the operation of the sentence is confusing to the petitioner, that is not necessarily due to any violation of law. Clarity is after all in the eye of the beholder. The inmate may simply not have sufficient knowledge to make clear to him what is legally clear."). Nor did the circuit judge modify his sentence when she denied his post-conviction motion—she simply attempted to explain the sentence to Tharpe as clearly as possible.

3

¶8. As for Tharpe's claim that the suspended portion of his armed robbery sentence is unlawful, our Supreme Court has held repeatedly that a defendant cannot seek relief from a sentence by alleging that it is "illegally *lenient*." *Williams v. State*, 158 So. 2d 309, 313 (¶12) (Miss. 2015) (citing *Sweat v. State*, 912 So. 3d 458, 461 (¶9) (Miss. 2005)).

¶9. Finally, to the extent that Tharpe alleges that the circuit judge's order altered his eligibility for parole, trusty time, or earned time, he is simply mistaken. By law, Tharpe is ineligible for parole on his armed robbery sentence. Miss. Code Ann. §§ 47-7-3(g)(i) (Rev. 2015) & 97-3-2(1)(j) (Rev. 2014).[2] This also renders him ineligible for trusty time and earned time during his armed robbery sentence. Miss. Code Ann. §§ 47-5-138.1(2)(d) & 47-5-139(1)(e) (Rev. 2015). Tharpe is not eligible for parole, trusty time, or earned time because he is serving a sentence for armed robbery—not because of anything in the circuit judge's order denying his post-conviction motion.

¶10. The circuit court did not err by denying Tharpe's petition to clarify his sentence.

¶11. **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR.**

---

[2] Tharpe is also ineligible for parole on his concurrent sentences for burglary of a dwelling. Miss. Code Ann. §§ 47-7-3(g)(i) & 97-3-2(1)(o).

4