## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CA-00998-COA

**DON ROBERTS, JR.**                                                                 **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                           **APPELLEE**

DATE OF JUDGMENT:                07/30/2021
TRIAL JUDGE:                           HON. CALEB ELIAS MAY
COURT FROM WHICH APPEALED:  SCOTT COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      JACOB MICHAEL JENKINS
ATTORNEY FOR APPELLEE:       OFFICE OF THE ATTORNEY GENERAL
                                       BY: CASEY BONNER FARMER
NATURE OF THE CASE:          CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                 AFFIRMED - 09/06/2022
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE BARNES, C.J., McDONALD AND McCARTY, JJ.

### McCARTY, J., FOR THE COURT:

¶1.     A man was indicted two separate times for charges of possession of methamphetamine, possession of a firearm by a felon, possession of marijuana by a convicted drug offender and habitual offender, and manufacture of a controlled substance. He pled guilty to all charges. He filed a motion for post-conviction relief (PCR) which was denied by the trial court. Finding no error, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2.     After receiving several complaints about ATVs being driven on public roads, sheriff's deputies went to Don Roberts Jr.'s home to investigate the claims. Once there, the deputies noticed marijuana plants growing near his home. The deputies were granted a search warrant

and found nine grams of methamphetamine, two guns, three marijuana plants, and a small bag of marijuana.

¶3.     Two months later, officers returned to Roberts' residence for the same complaint of ATVs being driven on public roads.  Before arriving at the residence, the officers stopped a woman on an ATV and located drugs in her purse.  Soon after, Roberts arrived on the scene.  The deputies obtained another search warrant.  Upon a second search of Roberts' residence, the officers found over ten grams of methamphetamine, a firearm, and a small bag of marijuana.

¶4.     Roberts was subsequently indicted separately for each of the two searches. As a result of the first search, Roberts was charged with possession of methamphetamine, possession of a firearm by a felon, and possession of marijuana as a second drug offender and habitual offender.   As a result of the second search, he was charged with possession of methamphetamine, two counts of possession of a firearm by a felon, manufacture of a controlled substance, and possession of marijuana as a second drug offender and habitual offender.

¶5.     Before trial, Roberts pled guilty to all the charges under both indictments.  Roberts was sworn in before his plea.  He answered the following during his plea colloquy:

> Q:     Do you know if I accept your guilty plea, you're going to be sentenced to the penitentiary for a long time?
> A:     Yes.
> Q:     Anybody make any threats or promises to you to make you think you have to plead guilty in this case?
> A:     No.
> . . . .
> Q:     Have you and [your lawyer] talked about the various cases you're facing?  I

> guess altogether we've got eight different criminal counts in this case. Have y'all discussed that?
>
> A:   Yes.
>
> Q:   Did he answer your questions?
>
> A:   Yes.
>
> . . . .
>
> Q:   Do you have any complaint to make about him and his representation of you as your attorney?
>
> A:   No.
>
> Q:   So you're fully satisfied with your services?
>
> A:   Yes.
>
> . . . .
>
> Q:   Mr. Roberts, our purpose here is to make sure that all of your constitutional rights are protected. One of those is the right to a jury trial. . . . Do you desire to have a jury trial?
>
> A:   No, sir.
>
> . . . .
>
> Q:   Do you know that by pleading guilty you're waiving your right of appeal?
>
> A:   Yes, sir.
>
> . . . .
>
> Q:   Knowing all of these things that we have discussed, is it still your desire to plead guilty?
>
> A:   Yes, sir.

¶6.   Also during the plea colloquy, the trial court informed Roberts of the maximum sentence for each count, as well as the maximum fines associated with those counts. When asked if his attorney had explained this to him, Roberts answered, "Yes." The trial court then asked the State to describe the underlying facts of each indictment to the court, which the State did. Roberts, when asked if the facts set out by the State were true as to each indictment, answered, "Yes, sir."

¶7.   Roberts was sentenced to serve twenty-five years in the custody of the Mississippi Department of Corrections as a second drug offender and habitual offender. Roberts filed a PCR motion in June 2021, arguing he was denied effective assistance of counsel. The

3

motion was denied. He appealed.

## STANDARD OF REVIEW

¶8.     "When reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's factual findings if they are clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review." *Bass v. State*, 237 So. 3d 172, 173 (¶4) (Miss. Ct. App. 2017) (citation and internal quotation marks omitted). "This Court reviews the dismissal of a PCR petition for an abuse of discretion." *Harris v. State*, 303 So. 3d 1, 4 (¶9) (Miss. Ct. App. 2020).

## DISCUSSION

¶9.     Roberts challenges the denial of his PCR motion, arguing that he received ineffective assistance of counsel. The State further breaks down Roberts' argument into three main issues: first, whether Roberts' petition for PCR as to one of the indictments should be barred for his failure to challenge that indictment in the circuit court; second, whether Roberts' attack on the voluntariness of his plea is waived for failure to identify it in his statement of issues, and if not waived, whether the claim lacks merit because it is refuted by his sworn plea petition and statements made during his plea colloquy; and third, whether Roberts may claim ineffective assistance of counsel.

### I.     Roberts' petition for one of the indictments is procedurally barred.

¶10.    Roberts argues his guilty plea as to both indictments should be reversed due to ineffective assistance of counsel. However, he only raised a challenge to one of his indictments before the trial court.

4

¶11. "It is well settled that issues not raised below may not be raised on appeal." *Walker v. State*, 49 So. 3d 658, 659 (¶7) (Miss. Ct. App. 2010). Further, "[q]uestions will not be decided on appeal which were not presented to the trial court and that court given an opportunity to rule on them." *Id*. Because Roberts did not challenge his guilty plea as to one of his two indictments in the trial court, he is procedurally barred from raising it on appeal. These arguments are without merit for failure to present them to the trial court.

## II. Roberts' challenge to the voluntariness of his guilty plea is barred and without merit.

¶12. Roberts next argues his guilty pleas were not knowingly, intelligently, and voluntarily made because the trial court did not explain the nature and elements of the charges.

¶13. "A statement shall identify the issues presented for review. . . . Each issue presented for review shall be separately numbered in the statement. No issue not distinctly identified shall be argued by counsel, except upon request of the court, but the court may, at its option, notice a plain error not identified or distinctly specified." MRAP 28(a)(3). "[R]ules of appellate procedure require that each issue be separately numbered in a statement of the issues." *Smith v. State*, 118 So. 3d 180, 182 (¶5) (Miss. Ct. App. 2013). "Failure to present an allegation in this fashion bars our consideration of the issue." *Id*.

¶14. Roberts lists only one issue on appeal—that he received ineffective assistance of counsel. He failed to separately list any challenge to the voluntariness of his guilty pleas. Therefore, this issue is procedurally barred.

¶15. Despite being procedurally barred, Roberts' claim that his plea was involuntary lacks merit. A guilty plea must be made, "voluntarily, knowingly, and intelligently, with sufficient

5

awareness of the relevant circumstances and likely consequences" to be satisfactory. *Hunt v. State*, 99 So. 3d 269, 271 (¶8) (Miss. Ct. App. 2012) (internal quotation mark omitted). "A guilty plea is voluntarily and intelligently made if the circuit court advised the defendant of his rights, the nature of the charge against him, as well as the consequences of the plea." *Collins v. State*, 270 So. 3d 63, 66 (¶8) (Miss. Ct. App. 2018) (internal quotation marks omitted). "Although it is ideal for the circuit court to explain the elements of the offenses to a defendant when a plea is accepted, the failure to do so does not automatically render a plea invalid." *Argol v. State*, 155 So. 3d 848, 852 (¶11) (Miss. Ct. App. 2013). "The United States Supreme Court has determined that the critical issue is whether the defendant was aware of the nature of the offenses from whatever source." *Id*. at 852.

¶16.    Furthermore, this Court has long held that "[s]olemn declarations in open court carry a strong presumption of verity." *Mitchener v. State*, 964 So. 2d 1188, 1194 (¶15) (Miss. Ct. App. 2007) (internal quotation marks omitted). In addition, "trial courts may place great emphasis upon declarations made under oath by a petitioner for post-conviction relief in open court during the taking of guilty pleas and sentencing." *Hickerson v. State*, 336 So. 3d 1134, 1146 (¶36) (Miss. Ct. App. 2022) (internal quotation marks omitted).

¶17.    Here, Roberts was made aware of his rights, the nature of the charges against him, and the consequences of his guilty plea by both his attorney and the trial court. Roberts repeatedly answered "yes" to the questions in his plea colloquy. Specifically, the trial court read the maximum and minimum penalties for each count and asked Roberts if he understood. For each of those counts, he answered "yes." Also, when asked if his attorney

6

discussed the various charges he faced, he answered in the affirmative.

¶18.    Although Roberts argues the trial court did not inform him of the elements of each charge, this omission does not automatically render his guilty plea invalid. *Argol*, 155 So. 3d at 853 (¶14). He was nonetheless made aware of the nature of the offenses by the prosecutor's reading of the underlying facts of the case. The detailed recitation of the facts set out the "essential elements" of the crimes charged. *Id*. Those statements sufficiently informed Roberts of the elements of the charges against him.

¶19.    Because Roberts was properly informed of the nature of his charges and he acknowledged this under oath, his plea was given knowingly, intelligently, and voluntarily. As such, this issue is procedurally barred and without merit.

### III.    Roberts' claim that his counsel was constitutionally ineffective is without merit.

¶20.    In his final argument, Roberts argues that he received ineffective assistance of counsel in violation of his Sixth Amendment right.

¶21.    To prove ineffective assistance of counsel, a defendant must show that "counsel's performance was objectively deficient and that the defendant suffered prejudice as a result." *Worth v. State*, 223 So. 3d 844, 849 (¶17) (Miss. Ct. App. 2017) (quoting *Strickland v. Washington,* 466 U.S. 668, 687 (1984)). Both prongs of the *Strickland* test must be satisfied to prevail on a claim of ineffective assistance of counsel. *Id*.

¶22.    A defendant "must show that there is a reasonable probability that, but for counsel's errors, [he] would not have pleaded guilty, would have insisted on going to trial, and the outcome would have been different." *Hannah v. State*, 943 So. 2d 20, 24 (¶7) (Miss. 2006).

To prove ineffective assistance of counsel, a defendant must produce "more than [the defendant's own] conclusory allegations." *Carpenter v. State*, 899 So. 2d 916, 921 (¶23) (Miss. Ct. App. 2005).

¶23. However, "a voluntary guilty plea waives claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea." *Worth*, 223 So. 3d at 849 (¶17) (internal quotation marks omitted).

¶24. As illustrated earlier, Roberts entered his guilty plea knowingly, intelligently, and voluntarily. He was made aware of the nature and consequences of the charges. When the trial court asked if he was satisfied with his attorney's representation of him, Roberts answered "yes." The trial court also asked Roberts whether or not he was aware that he was waiving his right to a jury trial. He again answered, "Yes, sir." This Court holds that "[g]reat weight is given to statements made under oath and in open court . . . ." *Thomas v. State*, 169 So. 3d 978, 981 (¶8) (Miss. Ct. App. 2015). Therefore, Roberts waived any claim for ineffective assistance of counsel.

¶25. Roberts also did not support his claims of ineffective assistance of counsel with any affidavit other than his own, nor did Roberts challenge the underlying search warrants or any particular facet of trial counsel's performance, which does not meet the standard of our precedent. *See Alford v. State*, 185 So. 3d 429, 432 (¶16) (Miss. Ct. App. 2016) (stating that "where a party offers only his affidavit, then his ineffective assistance claim is without merit").

**CONCLUSION**

8

¶26. For the foregoing reasons, the trial court's order denying Roberts' PCR motion is affirmed.

¶27. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, SMITH AND EMFINGER, JJ., CONCUR.**