# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CP-00959-COA

**WILEY ZACHARY CARROLL A/K/A WILEY Z.**  **APPELLANT**
**CARROLL A/K/A WILEY ZACHERY CARROLL**

**v.**

**STATE OF MISSISSIPPI**  **APPELLEE**

DATE OF JUDGMENT:            06/09/2021
TRIAL JUDGE:                 HON. KENT E. SMITH
COURT FROM WHICH APPEALED:   TIPPAH COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      WILEY ZACHARY CARROLL (PRO SE)
ATTORNEY FOR APPELLEE:       OFFICE OF THE ATTORNEY GENERAL
                             BY: SCOTT STUART
NATURE OF THE CASE:          CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                 AFFIRMED - 05/16/2023
MOTION FOR REHEARING FILED:

**BEFORE BARNES, C.J., McCARTY AND SMITH, JJ.**

**SMITH, J., FOR THE COURT:**

¶1.    Wiley Zachary Carroll pled guilty in the Tippah County Circuit Court to felony driving under the influence (DUI), third offense. Carroll subsequently filed a motion requesting that the circuit court clarify his sentence. The circuit court concluded that Carroll was required to pursue administrative remedies before seeking judicial relief. Because Carroll had not exhausted his available administrative remedies, the circuit court denied the requested relief due to lack of jurisdiction. Upon review, we find no error and affirm the circuit court's order.

## FACTS

¶2.    A Tippah County grand jury indicted Carroll for felony DUI, fourth offense. Pursuant

to an agreed motion by the district attorney and Carroll, the circuit court reduced the charge against Carroll to felony DUI, third offense. In his plea petition, Carroll acknowledged that in exchange for his offer to plead guilty to the reduced charge, the district attorney planned to recommend that he be sentenced to five years in the custody of the Mississippi Department of Corrections (MDOC) and fined $2,000. At the plea hearing held on May 4, 2021, the circuit court accepted Carroll's guilty plea and the district attorney's sentence recommendation. The written sentencing order also entered on May 4, 2021, reflected Carroll's sentence of five years in MDOC's custody and a fine of $2,000. Although the sentencing order did not suspend any part of Carroll's sentence, the order contained language that stated "the suspension of said sentence is based upon the following conditions[,]" with those conditions specified in subparts (a) through (n) of the order.

¶3. On June 4, 2021, Carroll filed a motion seeking clarification of his sentence. Carroll asserted that the "suspension" language found in the circuit court's written sentencing order seemed to indicate that at least part of his five-year sentence should be suspended. After concluding that Carroll sought to "challeng[e] the computation and operation of his sentence," the circuit court found that Carroll was required to pursue relief through MDOC's Administrative Remedy Program (ARP) before seeking judicial relief. Because Carroll had not yet initiated—much less exhausted—the steps for administrative remedy through MDOC before filing his motion, the circuit court concluded that it lacked jurisdiction to rule on Carroll's claims. As a result, the circuit court entered an order on June 9, 2021, and denied

Carroll's motion for lack of jurisdiction.[1]

¶4. On August 17, 2021, Carroll filed his notice of appeal from the circuit court's June 9, 2021 order denying his motion for lack of jurisdiction. The appeal was dismissed due to Carroll's failure to pay the costs of the appeal. Carroll then filed another notice of appeal from the circuit court's June 9, 2021 order. He also filed a motion to recall the mandate and reinstate his appeal. On January 18, 2022, the Mississippi Supreme Court granted Carroll's motion to recall the mandate and reinstate his appeal. The supreme court noted, however, that Carroll had failed to appeal from the circuit court's June 9, 2021 order within thirty days as required by Mississippi Rule of Appellate Procedure 4(a). The supreme court therefore granted Carroll fourteen days to show cause as to why his appeal should not be dismissed as untimely. After considering Carroll's response to the show-cause order, the supreme court directed that the suspension placed on Carroll's appeal from the circuit court's June 9, 2021 order be lifted so that Carroll's appeal could proceed in this Court.

## DISCUSSION

¶5. Mississippi Code Annotated section 47-5-803(2) (Rev. 2015) provides that "[n]o state court shall entertain an offender's grievance or complaint which falls under the purview of the administrative[-]review procedure unless and until such offender shall have exhausted

---

[1] It appears from the record that after the entry of the circuit court's June 9, 2021 order, Carroll initiated a request for relief through MDOC's ARP on or about July 25, 2021. On January 27, 2022, after apparently exhausting his requests for relief through MDOC's ARP, Carroll filed a motion in the Tippah County Circuit Court for relief "pursuant to the [Uniform] Post[-]Conviction Collateral Relief Act." Based on the procedural history of this case, however, Carroll's pursuit of relief through MDOC's ARP and his subsequent appeal from that decision are not properly before this Court at this time.

the remedies as provided in such procedure." As we have previously explained,

> [a]n argument that the sentence violates law, either because it is clearly erroneous or because it is unredeemably ambiguous or incomplete, would be proper under the post-conviction relief procedures.
>
> On the other hand, if the operation of the sentence is confusing to the petitioner, that is not necessarily due to any violation of law. Clarity is after all in the eye of the beholder. The inmate may simply not have sufficient knowledge to make clear to him what is legally clear. For many such questions regarding confusion about the operation of the state's system of incarceration, the proper procedure is for a prisoner to seek relief through the administrative processes of the Department of Corrections. Miss. Code Ann. §§ 47-5-801 through 47-5-807 (Rev. 2004). We conclude that an inmate who is uncertain about the operation of his sentence and desires clarity should pursue the administrative-review procedures before turning to court.

*Walker v. State*, 35 So. 3d 555, 558 (¶12) (Miss. Ct. App. 2010) (quoting *Burns v. State*, 933 So. 2d 329, 331 (¶¶8-9) (Miss. Ct. App. 2006)).

¶6. Here, as the circuit court noted in its June 9, 2021 order, Carroll sought clarification of "the computation and operation of his sentence . . . ." In so doing, Carroll "moved beyond challenging a possibly erroneous sentence and [instead] raised a matter of ambiguity that [wa]s for [MDOC's] administrative[-]remedy program to answer." *Burns*, 933 So. 2d at 332 (¶12). Thus, Carroll was required to pursue relief "by obtaining a final ARP decision and then seeking judicial review . . . ." *Easterling v. State*, 283 So. 3d 1198, 1200 (¶4) (Miss. Ct. App. 2019).

¶7. Because Carroll sought judicial review of his claims prior to exhausting available administrative relief through MDOC's ARP, the circuit court correctly denied his motion for lack of jurisdiction. In affirming the circuit court's order, we note that "nothing in our decision prohibits [Carroll] from pursuing any administrative remedy or right to judicial

4

review that remains available to him." *Id.* at 1200 n.2. We further note that although Carroll filed his motion for requested relief in Tippah County, he may be presently incarcerated in a different county. And as our caselaw explains, any "petition for judicial review of a final ARP decision generally should be filed in the county in which the inmate is housed, not the county of his conviction." *Id.*

## CONCLUSION

¶8. Finding no error, we affirm the circuit court's order denying the requested relief in Carroll's motion due to lack of jurisdiction.

¶9. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR. EMFINGER, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**