MYERS, P.J.,
 

 for the Court.
 

 ¶ 1. Arnold Lee Felton appeals the Lamar County Circuit Court’s dismissal of his motion for post-conviction relief, asserting that his suspended sentence was illegally revoked. Finding no error, we affirm.
 

 FACTS
 

 ¶ 2. Felton pleaded guilty to automobile burglary in violation of Mississippi Code Annotated section 97-17-33 (Rev.2006) and was sentenced to seven years in the custody of the Mississippi Department of Corrections (MDOC). The circuit court’s sentencing order provided that Felton serve four years in the custody of the MDOC, and upon completion of the Intensive Drug and Alcohol Program (the Drug Program), the remaining three years of his sentence would be suspended and Felton placed on three years’ post-release supervision.
 

 ¶ 3. Felton asserts that he “refused” to complete the Drug Program but was nonetheless released from the custody of the MDOC and placed on post-release supervision. Felton subsequently tested positive for cocaine on two occasions, violating the terms of his post-release supervision, and his suspended sentence was revoked. He then filed the instant motion for post-conviction relief, which the circuit court dismissed without an evidentiary hearing.
 

 STANDARD OF REVIEW
 

 ¶ 4. This Court reviews the dismissal of a post-conviction relief motion for an abuse of discretion.
 
 Billiot v. State,
 
 655 So.2d 1, 12 (Miss.1995). The trial court may summarily dismiss a motion for post-conviction relief “[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings
 
 *330
 
 in the case that the movant is not entitled to any relief.” Miss.Code Ann. § 99-39-11(2) (Rev.2007). Questions of law, however, are reviewed de novo.
 
 Ruff v. State,
 
 910 So.2d 1160, 1161(¶ 7) (Miss.Ct.App.2005).
 

 DISCUSSION
 

 1. Revocation of Suspended Sentence; Illegal Sentence
 

 ¶ 5. Felton advances three arguments relating to the revocation of his suspended sentence and post-release supervision. He asserts that: (1) because he never completed the Drug Program, releasing him on post-release supervision was tantamount to illegally amending his sentencing order; (2) he was never properly on post-release supervision; therefore, his post-release supervision was illegally revoked before it began; and (3) his sentencing order was not strictly complied with, rendering his sentence illegal.
 

 ¶ 6. First, we note that Felton’s claim that he failed to complete the Drug Program is unsupported in the record. Even if we were to accept the account offered in his brief, in
 
 Sweat v. State,
 
 912 So.2d 458, 461(¶ 9) (Miss.2005), the supreme court stated:
 

 We have held that generally, where a convicted defendant receives an illegal sentence, the sentence must be vacated and the case remanded to the trial court for resentencing because the defendant suffered prejudice.
 
 See Robinson v. State,
 
 836 So.2d 747 (Miss.2002). The Court of Appeals has recently held that there is no prejudice suffered when a defendant receives an illegally lenient sentence.
 
 Edwards v. State,
 
 839 So.2d 578, 580-81 (Miss.Ct.App.2003). Further, when the error benefits the defendant in the form of a more lenient sentence, it is harmless error.
 
 Chancellor v. State,
 
 809 So.2d 700, 702 (Miss.Ct.App.2001). The law which relieves defendants from the burden of an illegal sentence applies to situations where the defendant is forced to suffer a greater sentence rather than the luxury of a lesser sentence.
 
 Id.
 

 ¶7. Felton has failed to demonstrate how his release notwithstanding his alleged failure to complete the Drug Program prejudiced him. He received, essentially, a more lenient sentence than he should have, and having violated the conditions of his post-release supervision and suspended sentence, he cannot now complain of his early release from custody. This issue is without merit.
 

 2. Revocation Hearing
 

 ¶ 8. Felton argues, for the first time on appeal, that he was wrongfully denied a revocation hearing. As this issue was not raised in his motion for post-conviction relief in the circuit court, it is procedurally barred.
 
 Gazzier v. State,
 
 744 So.2d 776, 778(¶ 5) (Miss.1999).
 

 ¶ 9. Notwithstanding the procedural bar, we find that this issue is without merit. The record contains a sworn “Waiver of Right to Revocation Hearing,” where Felton expressly waived his right to a hearing and admitted that he had violated the terms of his suspended sentence. Furthermore, Felton has not alleged any prejudice: he does not deny that he violated the terms of his suspended sentence by testing positive for cocaine, and he proposes no explanation that he might have offered to the circuit court as mitigation. This issue is without merit.
 

 ¶10. THE JUDGMENT OF THE CIRCUIT COURT OF LAMAR COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS AP
 
 *331
 
 PEAL ARE ASSESSED TO LAMAR COUNTY.
 

 KING, C.J., LEE, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.