ROBERTS, J.,
for the Court:
¶ 1. On July 16, 2007, William Mayo pled guilty to one count of gratification of lust. This appeal arises from the Rankin County Circuit Court’s summary dismissal of Mayo’s motion for post-conviction relief (PCR) filed on March 23, 2010. Finding no error, we affirm the circuit court’s dismissal of Mayo’s PCR motion.
FACTS AND PROCEDURAL HISTORY
¶ 2. Mayo was indicted on April 14, 2006, on one count of sexual battery and one count of gratification of lust. On July 16, 2007, Mayo appeared before the Rankin County Circuit Court and pled guilty to one count of gratification of lust in violation of Mississippi Code Annotated section 97-5-23(1) (Rev.2006) for rubbing the vaginal area of his four-year-old biological daughter. The maximum sentence for this offense is a five-thousand-dollar fine and fifteen years in the custody of the Mississippi Department of Corrections (MDOC). Miss.Code Ann. § 97-5-23(1).
¶ 3. Mayo was sentenced to serve the maximum fifteen years in the custody of the MDOC. Four years of his sentence were suspended, and upon his release from the MDOC’s custody, he was ordered to serve five years of supervised probation.[1]
¶ 4. Mayo filed his PCR motion on March 23, 2010, alleging that his sentence was illegal because it exceeded the maximum sentence. The circuit court entered an order summarily dismissing his PCR motion finding that it appeared from the face of the motion that he was not entitled to relief.
¶ 5. Feeling aggrieved, Mayo appeals alleging that his “sentence is illegal due to the fact that it exceeds the authorized maximum allowed by state law statute.”
STANDARD OF REVIEW
¶ 6. The circuit court may summarily dismiss a PCR motion if “it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relieff.]” Felton v. State, 18 So.3d 328, 329-330 (¶4) (Miss.Ct.App.2009). “This Court reviews the dismissal of a post-conviction relief motion for an abuse of discretion.” Id. at 329. Questions of law are review de novo. Id. at 330.
ANALYSIS
¶ 7. Mayo argues that his sentence is illegal because he was sentenced to serve fifteen years in the custody of the MDOC and five years of supervised probation after his release from the custody of the MDOC, making his total sentence twenty years. Mississippi Code Annotated section 97-5-23(1) provides the sentence applicable to persons found to have committed gratification of lust. It reads:
Any person above the age of eighteen (18) years, who, for the purpose of gratifying his or her lust, or indulging his or her depraved licentious sexual desires, shall handle, touch or rub with hands or any part of his or her body or any member thereof, any child under the age of sixteen (16) years, with or without the child’s consent, or a mentally defective, mentally incapacitated or physically helpless person as defined in Section 97-3-97, shall be guilty of a felony and, *52 upon conviction thereof, shall be fined in a sum not less than One Thousand Dollars ($1,000.00) nor more than Five Thousand Dollars ($5,000.00), or be committed to the custody of the State Department of Corrections not less than two (2) years nor more than fifteen (15) years, or be punished by both such fine and imprisonment, at the discretion of the court.
Miss.Code Ann. § 97-5-23(1) (emphasis added). Mayo argues that this additional five years of supervised probation exceeds the maximum sentence of fifteen years permitted by statute.
¶ 8. In support of his argument that his sentence is illegal, Mayo also relies on the language found in Mississippi Code Annotated section 47-7-34(1) (Rev.2004). It reads, in pertinent part, as follows:
[A] court ... may impose a term of post-release supervision. However, the total number of years of incarceration plus the total number of years of post-release supervision shall not exceed the maximum sentence authorized to be imposed by law for the felony committed.
Miss.Code. Ann. § 47-7-34(1) (emphasis added).
¶ 9. Were this statute applicable, Mayo would be correct in determining that his sentence exceeded the maximum sentence allowed under the statute; however, this statute is not applicable to Mayo’s sentence. Mayo was sentenced to five years of supervised probation, not post-release supervision. The imposition of probation requires the application of Mississippi Code Annotated section 47-7-33 (Rev. 2004), not section 47-7-34(1). The Mississippi Supreme Court has held that: “Probation under [section] 47-7-33 is a conditional term that is not a part of the prison sentence and is therefore not subject to the ‘totality’ of sentence concept found in section 47-7-34.” Carter v. State, 754 So.2d 1207, 1209 (¶ 5) (Miss.2000); see Jones v. State, 805 So.2d 610, 612 (¶ 7) (Miss.Ct.App.2002). Further, Mississippi Code Annotated section 47-7-37 (Rev. 2004) states, in part, that: “No part of the time that one is on probation shall be considered as any part of the time that he shall be sentenced to serve.” Thus, the five-year period of supervised probation imposed on Mayo is not to be taken into consideration when determining if his sentence exceeds the maximum sentence allowed by statute.
¶ 10. It is clear that since the five years of supervised probation is not included in the total sentence, Mayo’s fifteen-year sentence, with eleven years to serve, and four years suspended, does not exceed the maximum sentence allowed by statute. We find that Mayo’s sentence is legal and does not exceed the maximum sentence authorized under Mississippi Code Annotated section 97-5-23(1). This issue lacks merit.
IF 11. THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ISHEE, CARLTON AND MAXWELL, JJ., CONCUR.

. A one-thousand-dollar fine was also imposed, but the circuit judge suspended the fine. Mayo was ordered to pay $797.50 in court costs and fees.