GRIFFIS, P.J.,
 

 for the Court:
 

 ¶ 1. Jeff Wayne Tucker appeals the judgment of the Lee County Circuit Court denying his motion for post-conviction collateral relief. He claims: (1) his guilty plea was entered involuntarily; (2) his trial counsel was ineffective; and (3) he was entitled to an evidentiary hearing. We find no error and affirm.
 

 
 *223
 
 FACTS
 

 ¶ 2. In cause number CR08-497, Tucker was indicted on Count I, gratification of lust under Mississippi Code Annotated section 97-5-23 (Rev.2006), and Count II, sexual battery under Mississippi Code Annotated section 97-3-95 (Rev.2006). By separate indictment in cause number CR08-640, Tucker was also charged with the felonious failure to register as a sex offender under Mississippi Code Annotated sections 45-33-25 & -27 (Supp.2010). By an agreed order with the State, Tucker’s status as a habitual offender was dropped from the indictments.
 

 ¶ 3. On September 24, 2008, Tucker appeared before the circuit court and entered guilty pleas to all three charges. Tucker was sentenced to fifteen years and ordered to pay a $1,000 fíne in Count I, and he was sentenced to thirty years with fifteen years suspended and ordered to pay a $1,000 fíne in Count II. He was ordered to serve the sentences in Counts I and II concurrently. Tucker was further sentenced to five years for his failure to register as a sex offender. That sentence was ordered to run consecutively to the sentences in Counts I and II.
 

 ¶ 4. On August 26, 2009, Tucker filed a motion for post-conviction relief. The motion attacked his conviction and sentence for the felonious failure to register as a sex offender under cause number CR08-640. He claimed that: (1) he had received ineffective assistance of counsel; (2) his guilty plea was entered involuntarily; and (3) the 1997 conviction which gave him the status of a sex offender was invalid. On September 15, 2009, Tucker filed a second motion for post-conviction relief that challenged his convictions and sentences for gratification of lust and sexual battery under cause number CR08^497. He again asserted claims that his counsel was ineffective and that his guilty pleas were entered involuntarily.
 

 ¶ 5. The circuit court found that Tucker’s claims had no merit. Therefore, the relief requested in both of Tucker’s motions for post-conviction relief was denied. Tucker now appeals the circuit court’s judgment.
 

 STANDARD OF REVIEW
 

 ¶ 6. A circuit court’s denial of post-conviction collateral relief will not be reversed absent a finding that the trial court’s decision was clearly erroneous.
 
 Smith v. State,
 
 806 So.2d 1148, 1150 (¶ 3) (Miss.Ct.App.2002). However, when reviewing issues of law, this Court’s proper standard of review is de novo.
 
 Brown v. State,
 
 731 So.2d 595, 598 (¶ 6) (Miss.1999).
 

 ANALYSIS
 

 1. Ineffective Assistance of Counsel
 

 ¶ 7. Tucker’s primary contention on appeal is that his counsel was ineffective during the plea proceedings. To prove ineffective assistance of counsel, Tucker must show that: (1) his counsel’s performance was deficient, and (2) this deficiency prejudiced his defense.
 
 Strickland v. Washington,
 
 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The burden of proof rests with Tucker to show both prongs.
 
 McQuarter v. State,
 
 574 So.2d 685, 687 (Miss.1990). Under
 
 Strickland,
 
 there is a strong presumption that counsel’s performance falls within the range of reasonable professional assistance.
 
 Strickland,
 
 466 U.S. at 689,104 S.Ct. 2052. To overcome this presumption, “[t]he defendant must show that there is a reasonable probability that, but for the counsel’s unprofessional errors, the result of the proceeding would have been different.”
 
 Id.
 
 at 694,104 S.Ct. 2052. In cases involving post-conviction collateral relief, “where a party offers only his affidavit, then his ineffective assistance of counsel claim is
 
 *224
 
 without merit.”
 
 Vielee v. State,
 
 653 So.2d 920, 922 (Miss.1995).
 

 ¶ 8. Specifically, Tucker claims that his attorney exploited Tucker’s fear of returning to jail to force Tucker to plead guilty. He further claims that his attorney threatened to abandon him if he did not plead guilty. Also, according to Tucker, his attorney told him not to tell the circuit judge about his fear of the jail or the threats made by the attorney. However, Tucker provided no proof of such allegations other than his own affidavit.
 

 ¶ 9. Tucker argues that he can provide no other proof other than his own statement because he was the only witness to his attorney’s conduct. The record, however, specifically refutes Tucker’s current claims. At the plea hearing, Tucker testified that he was satisfied with the legal advice and services of his attorney. The circuit judge asked: “Do you believe that Mr. Farese has properly advised you before entering your pleas of guilty and properly represented your best interest in your cases?” Tucker replied: “Yes, Your Honor.”
 

 ¶ 10. The following testimony was also given at the plea hearing:
 

 Q: Mr. Tucker, has anyone forced you in any way, put any pressure on you, or promised you anything in order to get you to enter these pleas of guilty?
 

 A: No, Your Honor.
 

 THE COURT: [Counsel], during the time that you have represented Mr. Tucker, have you told him anything, represented to him or led him to believe or tried to convince him that he will get any particular sentence, that is he will be given a specific number of years or probation or some insignificant number of years, days, weeks or months or whatever because he is entering his pleas of guilty?
 

 [COUNSEL]: No, sir Your Honor. For the record I have received discovery from the State in this matter. I have reviewed that discovery with Mr. Tucker. We had a revocation hearing set this morning in another cause, and that is to be withdrawn. I have reviewed all of this not only with Mr. Tucker, but in the presence of his brother, Mr. Danny Tucker, who is present in this courtroom, and I have additionally advised the defendant that I would not stand with him for a guilty plea if he maintained he did not commit these offences, nor would the Court accept any guilty pleas if he did not admit his guilt. That was reviewed not only in the presence of the defendant privately, but also in the presence separately with the defendant and his brother, Danny Tucker, and also officer Herb Wells of the courtroom staff, Lee County Sheriffs Department.
 

 So it is my belief the defendant certainly knows what he is doing here this morning offering these pleas, and I specifically advised him that even though this plea recommendation was made by the district attorney’s office, that it did not bind the Court, and the Court certainly could sentence him to the maximum of these three charges.
 

 Q: All right. Mr. Tucker, you have heard the statements made by your attorney standing there next to you. Is everything he just stated to the Court true and correct?
 

 A: Yes, Your Honor.
 

 ¶ 11. This Court is entitled to rely on Tucker’s sworn statement made to the circuit judge.
 
 See Green v. State,
 
 880 So.2d 377, 382 (¶ 21) (Miss.Ct.App.2004). Tucker’s claims on appeal are in direct
 
 *225
 
 conflict with his sworn testimony given at the plea hearing.
 

 ¶ 12. Tucker also claims that his attorney was ineffective in his failure to investigate. First, he claims that he had properly registered as a sex offender. In an attempt to prove his compliance, he presented affidavits from neighbors stating that he lived in Blue Springs, Mississippi, in Union County, not Lee County. However, those affidavits state that he lived at the address in Union County until April 10, 2008. The indictment alleges that he failed to registered in Lee County on April 11, 2008. It was at that time that Tucker began to spend the night at his business located in Lee County. Thus, the proof offered by Tucker does not provide a defense to this charge. Certainly, it does not prove a deficiency on the part of his attorney’s investigation of this matter.
 

 ¶ 13. Second, Tucker attempts to attack his conviction for failure to register as a sex offender by disputing his 1997 conviction for sexual battery. He offered affidavits of witnesses who state that the victim of the 1997 sexual battery had fabricated his testimony against Tucker. There is nothing in the record to show that Tucker’s attorney should have investigated the validity of the prior conviction. In fact, Tucker testified under oath at the plea hearing that he was guilty of failure to register as a sex offender.
 

 ¶ 14. Because Tucker offers no proof of his claims of ineffective assistance of counsel, and because those claims are wholly refuted by Tucker’s testimony under oath, Tucker has failed to prove any deficiencies of his attorney. Accordingly, this issue has no merit.
 

 2. Voluntariness of Tucker’s Guilty Pleas
 

 ¶ 15. In a related argument, Tucker asserts that his guilty pleas were entered involuntarily due to the threats made by his attorney. Tucker states that he had been assaulted at the jail prior to his plea hearing. He claims that his fear of returning to jail and the threats by his attorney made pleading guilty his only option.
 

 ¶ 16. A plea of guilty is binding only if it is entered voluntarily and intelligently.
 
 Myers v. State,
 
 583 So.2d 174, 177 (Miss.1991). Such a plea is voluntary and intelligently made when the defendant is informed of the charges against him and the consequences of his plea.
 
 Alexander v. State,
 
 605 So.2d 1170, 1172 (Miss.1992).
 

 ¶ 17. Again, as discussed above, the record clearly refutes this claim. Tucker testified that he had not been forced or pressured in any way to plead guilty. The record of the plea hearing is clear that Tucker was informed of the charges against him and that he was aware of the consequences of entering his guilty pleas. Therefore, this issue has no merit.
 

 ¶ 18. THE JUDGMENT OF THE LEE COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEE COUNTY.
 

 LEE, C.J., IRVING, P.J., MYERS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ„ CONCUR.