ROBERTS, J., for the Court:
¶ 1. Jeff Wayne Tucker pled guilty to sexual battery in 1997. The Lee County Circuit Court sentenced Tucker to twenty years in the custody of the Mississippi Department of Corrections (MDOC). However, the circuit court suspended sixteen years of Tucker’s twenty-year sentence. Approximately thirteen years later, Tucker filed a motion for post-conviction relief (PCR) and sought to vacate his guilty plea and sentence on the basis that the circuit court had illegally suspended a portion of his sentence. The circuit court found that Tucker’s PCR motion was untimely and dismissed it. Tucker appeals. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. On November 10, 1997, Tucker pled guilty to sexual battery. The circuit court sentenced him to twenty years in the custody of the MDOC, with sixteen years suspended and four years to serve, followed by five years of post-release supervision. In 1999, Tucker began serving his five-year term of post-release supervision.
¶ 3. On March 18, 2003, the circuit court revoked Tucker’s post-release supervision. He was subsequently sentenced to five years in the custody of the MDOC, followed by five years of post-release supervision. Later, Tucker was released again. However, in May 2008, the State filed another petition to revoke Tucker’s post-release supervision because Tucker had been charged with gratification of lust, sexual battery, and failure to register as a sex offender.
¶ 4. On September 24, 2008, Tucker pled guilty to all three charges. For gratification of lust, the circuit court sentenced Tucker to fifteen years in the custody of the MDOC. For sexual battery, the circuit court sentenced Tucker to thirty years in the custody of the MDOC, with fifteen years suspended. The circuit court set Tucker’s sentences for gratification of lust and sexual battery to run concurrently *915 with one another. As for Tucker’s failure to register as a sex offender, the circuit court sentenced Tucker to five years in the custody of the MDOC. However, the circuit court set Tucker’s sentence for failing to register as a sex offender to run consecutively to his sentences for gratification of lust and sexual battery.
¶ 5. In August 2009, Tucker filed a PCR motion and attacked his sentence and conviction for failure to register as a sex offender. Less than a month later, Tucker filed a PCR motion attacking his convictions for gratification of lust and sexual battery. The circuit court denied both PCR motions. Tucker appealed, but this Court affirmed the circuit court’s judgment in Tucker v. State, 60 So.3d 221, 225 (¶ 18) (Miss.Ct.App.2011).
¶ 6. While Tucker’s first two PCR motions were pending, he filed a third PCR motion — styled as a “motion to vacate illegal sentence and involuntary plea of guilty.” In his third PCR motion, Tucker claimed his 2008 sentence for sexual battery was illegal because the circuit court did not have the authority to suspend fifteen years of his thirty-year sentence. Tucker also repeated his claim that he did not voluntarily plead guilty. To be specific, Tucker claimed that “the circuit court, the prosecution, and [his] trial counsel misled [him]” regarding the consequences of his guilty plea. According to Tucker, if he had been informed that the circuit court would suspend a portion of his sentence, he “would have insisted on going to trial.”
¶ 7. On October 18, 2010, Tucker filed his fourth PCR motion. Within his fourth PCR motion, Tucker attacked his 1997 conviction for sexual battery. Similar to his third PCR motion, Tucker argued that the circuit court had no authority to suspend any portion of the sentence he received incident to his 1997 conviction for sexual battery. Again, Tucker argued that he would not have pled guilty if he would have known that he would receive what he characterized as an illegal sentence. Tucker also claimed that there was no factual basis for his guilty plea.
¶8. The circuit court subsequently entered an order dismissing Tucker’s challenge of his 1997 sentence for sexual battery because Tucker’s fourth PCR motion was untimely and meritless. However, the circuit court did not address Tucker’s third PCR motion. It remains unresolved.
STANDARD OF REVIEW
¶ 9. In reviewing a circuit court’s decision to dismiss a motion for post-conviction relief, we will not disturb the circuit court’s factual findings unless they are clearly erroneous. Evans v. State, 61 So.3d 922, 924 (¶ 7) (Miss.Ct.App.2011). “However, we review questions of law de novo.” Id.
ANALYSIS
¶ 10. First and foremost, we note that the circuit court’s order only addressed Tucker’s fourth PCR motion, in which Tucker challenged the sentence he received when he pled guilty to sexual battery in 1997. The circuit court’s order did not address Tucker’s third PCR motion. Consequently, Tucker’s third PCR motion is not before this Court. Thus, we focus on Tucker’s fourth PCR motion.
¶ 11. Tucker’s fourth PCR motion was untimely. Tucker pled guilty to sexual battery on November 10, 1997. He had three years from the circuit court’s entry of the judgment of conviction to file a PCR motion. Miss.Code Ann. § 99-39-5(2) (Rev.2007). Therefore, as the circuit court noted, Tucker had until November 10, 2000, to file a PCR motion attacking his 1997 sexual-battery conviction. His Octo *916 ber 4, 2010 PCR motion was approximately ten years too late.
¶ 12. Section 99-39-5(2) does not, however, subject all PCR motions to a three-year statute of limitations. Dobbs v. State, 18 So.3d 295, 298 (¶ 13) (Miss.Ct.App.2009) (citation omitted). The following claims are exceptions to the time-bar rule:
[C]laims that there has been an intervening decision from the Supreme Court of Mississippi or the United States Supreme Court which would have adversely affected the outcome of [a convicted defendant’s] sentence or that [a convicted defendant] has evidence, not reasonably discoverable at the time of trial, that would have caused a different result in the conviction or sentence.
Id. at 298-99 (¶ 13) (citing Miss.Code Ann. § 99-39-5(2)). Additionally, “the three-year statute of limitations may be waived when a fundamental constitutional right is implicated.” Id. at 299 (¶ 13) (citing Luckett v. State, 582 So.2d 428, 430 (Miss.1991)). Nevertheless, Tucker has not demonstrated that he suffered any prejudice based on a violation of his fundamental rights. It follows that we find no merit to Tucker’s claim that the circuit court erred when it found that Tucker’s fourth PCR motion was time-barred.
¶ 13. Notwithstanding that Tucker’s fourth PCR motion was time-barred, there is no merit to Tucker’s underlying claim. Tucker argues that the circuit court had no authority to suspend sixteen years of his twenty-year sentence because he had previously been convicted of a felony. He claims he would have insisted on going to trial if he would have known that the circuit court planned to suspend a portion of his sentence. In other words, Tucker attempts to persuade us that he would have insisted on serving twenty years in the custody of the MDOC instead of serving four years with the remaining sixteen years suspended.
¶ 14. To support his argument, Tucker cites Mississippi Code Annotated section 47-7-33(1) (Rev.2004). However, section 47-7-33(1) prohibits a sentencing court from suspending a sentence and placing a defendant on probation if that defendant “has been convicted of a felony on a previous occasion.” Although the circuit court suspended a portion of Tucker’s 1997 sentence for sexual battery, the circuit court did not place Tucker on probation. Instead, the circuit court sentenced Tucker to twenty years in the custody of the MDOC with sixteen years suspended followed by five years of post-release supervision. Mississippi Code Annotated section 47-7-34 (Rev.2004) governs post-release supervision. Section 47-7-34 does not prohibit a sentencing court from suspending a portion of a sentence and including a term of post-release supervision when a defendant has been previously convicted of a felony.
¶ 15. Even if the circuit court would not have had the authority to suspend a portion of Tucker’s 1997 sentence for sexual battery, Tucker’s argument would still fail. Although we do not find that Tucker received an illegal sentence, when “a convicted defendant receives an illegal sentence, the sentence must be vacated and the case remanded to the trial court for resentencing because the defendant suffered prejudice.” Felton v. State, 18 So.3d 328, 330 (¶ 6) (Miss.Ct.App.2009) (citation omitted). That principle “applies to situations where the [convicted] defendant is forced to suffer a greater sentence” than the law allows. Id. But a convicted defendant who receives an illegally lenient sentence suffers no prejudice. Id. Thus, an illegally lenient sentence amounts to harmless error. Id. Accordingly, even if *917 Tucker had been correct that the circuit court had no authority to suspend a portion of his 1997 sentence for sexual battery, there would still be no merit to his claim that his guilty plea should be set aside.
¶ 16. Tucker’s fourth PCR motion is time-barred. Even if it was not time-barred, the circuit court had the discretion to suspend a portion of Tucker’s 1997 sentence for sexual battery and place him on post-release supervision. Therefore, we affirm the circuit court’s judgment dismissing Tucker’s fourth PCR motion.
¶ 17. THE JUDGMENT OF THE LEE COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEE COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR.