# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-00394-COA

**MARK STEVEN LOPEZ A/K/A MARK S. LOPEZ A/K/A MARK LOPEZ**          **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**          **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 01/21/2016 |
| TRIAL JUDGE: | HON. CHRISTOPHER LOUIS SCHMIDT |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | MARK STEVEN LOPEZ (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BILLY L. GORE |
| NATURE OF THE CASE: | CIVIL - POSTCONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DENIED MOTION FOR POSTCONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 06/06//2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., ISHEE AND GREENLEE, JJ.**

**ISHEE, J., FOR THE COURT:**

¶1. Mark Lopez was convicted as a habitual offender in the First Judicial District of the Harrison County Circuit Court. This appeal stems from the circuit court's denial of Lopez's motion for postconviction relief (PCR). Finding no error, we affirm.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

¶2. On July 14, 2014, Lopez was charged with the unlawful transfer of less than ten dosage units of hydrocodone, a Schedule III opioid. Because Lopez had previous felony convictions, he was indicted as a habitual offender pursuant to Mississippi Code Annotated

section 99-19-81 (Rev. 2015). On December 11, 2014, Lopez voluntarily entered a plea of guilty, and was thereafter sentenced as a habitual offender to serve a term of four years in the custody of the Mississippi Department of Corrections (MDOC), without the possibility of parole or probation. On December 15, 2015, however, Lopez filed a motion for resentencing, which the circuit court characterized as a PCR motion, pursuant to Mississippi Code Annotated section 99-39-5 (Rev. 2015).

¶3. In that motion, Lopez asserted that his sentence should be reduced for the following reasons: (1) he received ineffective assistance of counsel and/or an illegal sentence; (2) he did not satisfy the requirements to be classified as a habitual offender; (3) he completed long-term drug and alcohol treatment, as ordered by the court; and (4) he had served one-fourth of his sentence. Finding no merit to any of the issues raised by Lopez in his motion, the circuit court summarily denied his motion. Lopez timely appealed.

## STANDARD OF REVIEW

¶4. "This Court reviews a circuit court's [denial] of a PCR motion for abuse of discretion." *Birmingham v. State*, 159 So. 3d 597, 598 (¶4) (Miss. Ct. App. 2014). "We will only reverse if the circuit court's decision was clearly erroneous." *Id.* (quoting *Williams v. State*, 110 So. 3d 840, 842 (¶11) (Miss. Ct. App. 2013)). We review questions of law de novo. *Id.*

## DISCUSSION

¶5. To begin, we reaffirm that "[a]n evidentiary hearing is not necessary where the allegations in a [PCR motion] are specific and conclusory." *Russell v. State*, 44 So. 3d 431,

2

434 (¶6) (Miss. Ct. App. 2010) (citing *Cole v. State*, 666 So. 2d 767, 777 (Miss. 1995)). "The trial court is not required to grant an evidentiary hearing on every [motion] it entertains." *Byrne v. State*, 30 So. 3d 1264, 1266 (¶7) (Miss. Ct. App. 2010) (citation omitted). Thus, we find at the outset that the circuit court's summary denial of Lopez's PCR motion was not improper. *See* Miss. Code Ann. § 99-39-11(2) (Rev. 2015).

## I. Ineffective Assistance of Counsel and Illegal Sentence

¶6. Lopez first argues that he was ineffectively represented by his attorney because he was not "made aware of . . . House Bill 585." 2014 Miss. Laws ch. 457. Lopez further argues that his sentence is illegal because the crime with which he was charged is "now considered a misdemeanor."

¶7. It is well settled that our standard of review when discussing a claim of ineffective assistance of counsel is the two-prong analysis originally set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). To prove ineffective assistance of counsel, Lopez must demonstrate: (1) that his "counsel's performance was deficient," in that it "fell below an objective standard of reasonableness," and (2) that the deficient performance prejudiced the defense—that is, there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 687-88, 694. Moreover, "[i]n considering a claim of ineffective assistance of counsel, an appellate court must strongly presume that counsel's conduct falls within a wide range of reasonable professional assistance." *Anderson v. State*, 195 So. 3d 835, 840 (¶14) (Miss. Ct. App. 2016) (quoting *Liddell v. State*, 7 So. 3d 217, 219

(¶6) (Miss. 2009)). In cases where a guilty plea has been entered, the first prong remains the same, while "the second prong of prejudice is shown by proving that the ineffective assistance of counsel affected the outcome of the plea process." *Wilson v. State*, 81 So. 3d 1067, 1074 (¶10) (Miss. 2012) (citing *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)).

¶8. Reviewing the record, there is no evidence before this Court illustrating that Lopez's counsel's representation fell below an objective standard of reasonableness. And, in fact, Lopez acknowledged his counsel's adequacy in his sworn and subscribed "petition to enter [a] plea of guilty." In addition, Lopez has offered no evidence showing that, but for his counsel's alleged errors, he would not have pleaded guilty, or the result would have somehow come out differently. We therefore find that Lopez's ineffective-assistance-of-counsel claim fails.

¶9. Regarding the legality of Lopez's sentence, he voluntarily pleaded guilty to the illegal transfer of less than ten dosage units of hydrocodone, a Schedule III controlled substance. Pursuant to Mississippi Code Annotated section 41-29-139(b)(4) (Rev. 2013), Lopez was subject to a maximum term of twenty years. *Id.* As Lopez only received a four-year sentence, his sentence falls within the maximum parameter set forth under section 41-29-139(b)(4) at the time he pleaded guilty, and we do not find it be reversible error.[1] Lopez is also mistaken that the current statute classifies his offense as a misdemeanor. Miss. Code

---

[1] We note that because Lopez was a habitual offender, the trial judge was required to sentence him to the statutory maximum, twenty years. *See* Miss. Code Ann. § 99-19-81. Lopez's sentence of four years was therefore "illegally lenient," "[b]ut a convicted defendant who receives an illegally lenient sentence suffers no prejudice. Thus, [Lopez's] illegally lenient sentence amounts to harmless error." *Tucker v. State*, 93 So. 3d 913, 916 (¶15) (Miss. Ct. App. 2012).

Ann. § 41-29-139(b) (Supp. 2016); Miss. Code Ann. § 1-3-11 (Rev. 2014) (defining "felony"). We therefore find these issues without merit.

## II.    Habitual-Offender Status

¶10.    Lopez next asserts that he should not have been classified as a habitual offender because his prior felony convictions were approximately twenty years ago. Lopez was sentenced as a habitual offender pursuant to section 99-19-81, which provides:

> Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.

¶11.    The record reveals that in 1995, Lopez was previously convicted of three felonies, all within Harrison County. Furthermore, Lopez received sentences of three years in MDOC custody for two of the felonies, and five years for the third. Thus, the record illustrates that Lopez has been convicted of a felony at least twice previously upon charges separately brought and arising out of separate incidents at different times and was sentenced to separate terms of one year or more in a state penal institution. The fact that it has been twenty years since Lopez's last felony conviction has no bearing on his status under section 99-19-81. *See* Miss. Code Ann. § 99-19-81. Therefore, Lopez satisfies the requirements of section 99-19-81, and thus, was properly sentenced as a habitual offender.

## III.    Long-Term Drug and Alcohol Treatment and Time Served

¶12.    Lopez argues that he is entitled to resentencing because he has successfully completed

MDOC's long-term drug and alcohol treatment program. We disagree. As the circuit court highlighted in its order denying Lopez's PCR motion, though participation in the treatment program was court-ordered, Lopez's sentence was not subject to modification should he complete the program. And with respect to time served, Lopez states that he has "served [one-fourth] of his court ordered [four-]year sentence." Lopez, however, fails to provide how this assertion entitles him to postconviction relief in the form of a new sentence. The circuit court inferred that Lopez was likely arguing his parole eligibility under either House Bill 585 or Mississippi Code Annotated section 47-7-3 (Supp. 2016). Assuming such, the circuit court determined that would require Lopez to file a separate motion with the court. Lopez has not contested this finding on appeal. As such, we find these issues are without merit.

**CONCLUSION**

¶13.    Reviewing the record before this Court, we cannot hold that the circuit court abused its discretion in summarily denying Lopez's PCR motion.

¶14.    **THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT, DENYING THE MOTION FOR POSTCONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.**

    **LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.**